## STATE OF VERMONT

## ENVIRONMENTAL COURT

Appeal of Walters, et al.      }
                       }
                       }   Docket No. 14-1-03 Vtec
                       }
                       }

### Decision and Order on Town's Motion to Dismiss

In the above-captioned matter Appellants appealed from the December 17, 2002 decision of the Development Review Board (DRB) of the Town of Randolph that Appellee-Applicant's proposal complies with Criteria 6, 7, and 10 of Act 250. Appellants are represented by Stephanie Kaplan, Esq.; Appellee-Applicant is represented by Michael Marks, Esq.; and the Town is represented by Peter Nowlan, Esq.

All the parties agree that the above-captioned matter should <u>not</u> be consolidated with Docket No. 234-10-02 Vtec and it is not consolidated. In that matter, we will nevertheless hold the telephone conference for which time was reserved on Friday, February 28, 2003 at 10:00 a.m. and moved to 11:30 at the request of Attorney Nowlan. If the parties feel that it is now unnecessary in light of this decision, they shall ascertain that fact with each other, and so inform the Court by telephone as soon as possible.

The Town has moved to dismiss this appeal. The December 17, 2002 decision appealed from in this matter was issued by the DRB under 24 V.S.A. § 4449. This section allows a DRB to make a determination on certain Act 250 criteria, which determination functions as a rebuttable presumption in related Act 250 proceedings. A DRB determination under 24 V.S.A. § 4449 is specifically made " not subject to appeal." 24 V.S.A. § 4471(b).

The sole issue sought to be raised by Appellants in this appeal is whether the DRB's decision was void or should be remanded, due to conflicts of interest of two of the DRB members who are asserted to own stock in Appellee-Applicant, in violation of 24 V.S.A. § 1203, 12 V.S.A. § 61 and the Rules of Procedure of the DRB itself.

The Town is correct that the decision sought to be appealed in this matter cannot be appealed to this Court, and that this purported appeal must be dismissed. 24 V.S.A. §§ 4449 and 4471(b). However, that fact does not suggest that Appellants are left without a remedy for the asserted conflict of interest. Vermont Constitution, Ch. I, Article 4. Appellants are free to file a complaint in Superior Court seeking the same relief under V.R.C.P. 75, in the nature of mandamus or certiorari, to obtain compliance by the DRB members with the conflict-of-interest requirements imposed on those members by 24 V.S.A. § 1203 and 12 V.S.A. § 61. (See Reporter's Notes to V.R.C.P. 75, second paragraph, final sentence; and to V.R.C.P. 81(b)).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's Motion to Dismiss the above-captioned appeal is GRANTED. The conference in Docket No. 234-10-02 will take place as rescheduled on February 28, 2003 at 11:30 a.m., unless the parties all agree and inform the Court that it is unnecessary.

Done at Barre, Vermont, this 26th day of February, 2003.

_____

Merideth Wright
Environmental Judge